NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0223n.06

Case No. 11-6254

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Mar 04, 2013*
DEBORAH S. HUNT, Clerk

BETINA CARVER HOWARD, *et al.*, )
            )
      **Plaintiffs-Appellants,** )
            )
            )   **ON APPEAL FROM THE**
      **v.** )   **UNITED STATES DISTRICT**
            )   **COURT FOR THE MIDDLE**
SMITH COUNTY, TENNESSEE, *et al.*, )   **DISTRICT OF TENNESSEE**
            )
      **Defendants-Appellees.** )
            )
_____ )

BEFORE: BATCHELDER, Chief Circuit Judge; COLE, Circuit Judge; and ROSEN, District Judge.[*]

    **ALICE M. BATCHELDER, Chief Circuit Judge.** Appellant Betina Howard was a passenger in a car driven by her brother, Jimmy Carver. While attempting to drop Howard off at her home, Carver overshot the driveway, made a u-turn in the street, and then pulled into Howard's driveway. Moments later, a police car pulled up and the officer approached to ask Carver if he had been drinking. Carver admitted that he had been drinking and agreed to a field sobriety test. While the officer was attempting to give Carver the test, Howard stood within two feet of the officer, yelling and cursing at him. When other officers arrived, Howard continued to harangue and argue with the first officer, attempting to prevent him from administering the sobriety test. After numerous warnings, the officer finally arrested and handcuffed Howard, charging her with disorderly conduct, resisting arrest, drug possession, and possession of drug paraphernalia. She was released on bond and the charges were eventually dismissed.

---

    [*]The Honorable Gerald E. Rosen, Chief United States District Judge for the Eastern District of Michigan, sitting by designation.

Howard sued the officer and the city in state court, claiming assault and battery, aggravated assault, false arrest, false imprisonment, malicious prosecution, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, outrageous conduct, excessive force, loss of consortium, and denial of medical treatment. She raised federal constitutional claims for negligent hiring, failure to train and/or supervise, and excessive force. The defendants removed the case to federal court and, after discovery, moved for summary judgement. The district court granted summary judgment on the federal law claims and remanded the state law claims to state court.

After carefully reviewing the record, the law, and the parties' briefs, we conclude that the district court's order and opinion correctly sets out the applicable law and correctly applies that law to the facts in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.